# EXHIBIT A

Mark C. Peters [SBN 160611]
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: noah@dplolaw.com

Attorneys for Plaintiff
THOMAS MASON

ENDORSED

2012 AUG 31  P 2: 47

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

(Unlimited Jurisdiction)

112CV231497

| | |
|---|---|
| THOMAS MASON, | Case No. |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES** |
| v. | 1. Breach of Employment Contract; |
| | 2. Failure To Pay Wages Due And Owing [California Labor Code §200, et seq.; |
| TELEFUNKEN SEMICONDUCTORS AMERICA LLC, and DOES 1 through 10, inclusive, | 3. Breach Of The Implied Covenant Of Good Faith And Fair Dealing. |
| Defendants. | **DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff THOMAS MASON alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff THOMAS MASON (hereinafter "MASON") is currently a resident of New Durham, New Hampshire.

2. At all times relevant herein, defendant TELEFUNKEN SEMICONDUCTORS AMERICA LLC (hereinafter "TELEFUNKEN") was and is a corporation incorporated under the laws of the State of Delaware, and doing business in Santa Clara County, California.

5. MASON sues fictitious defendants DOES 1-25 because their names and/or capacities and/or facts showing them to be liable are not known presently. On information and belief, MASON alleges that their entities and/or capacities shall be ascertained through discovery. MASON will seek leave to amend this complaint to show their true names and capacities when the same has been ascertained. On information and belief, MASON alleges that each defendant designated herein as fictitious defendants were in some manner responsible for the occurrences and damages alleged herein.

6. MASON is informed and believes and thereon alleges that each of the defendants herein, including those fictitiously named, were at all times relevant to this action, the agent, employer, partner, supervisor, managing agent, joint venturer, alter ego or part of an integrated enterprise of the remaining defendants and each were acting within the course and scope of that relationship.

7. MASON is further informed and believes and thereon alleges that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants, including those fictitiously named defendants.

8. On March 17, 2009, Mr. Mason was given a letter agreement (the "agreement") which commenced his employment as Director of Product Development with Tejas Silicon Inc. (the "company") on April 1, 2009. Tom Mason was the first employee of the company for its products group.

9.     Mr. Mason's employment agreement included, among other things, that Mr. Mason would be employed as the Director of Product Development for the company at a salary of $175,000 per year.

10.    The agreement also specified that if Mr. Mason was terminated without cause the company would be obligated to pay him a severance of either 12 months of continuation of salary and benefits, or, in the event his termination without cause was due to an acquisition, merger or buyout by another entity, he would be provided continued salary and benefits for two full years.

11.    The agreement likewise provided Mr. Mason 265,000 stock options.

12.    On September 1, 2010, Mr. Mason was promoted to Senior Director of Product Development. At that time, his annual salary was increased to $198,750, and he was granted an additional 50% more stock options, whose vesting effective was commenced on April 1, 2009 (for a total of 397,500 shares).

13.    In December 2011, Mr. Mason was informed by the president of Tejas Silicon Inc., Raj Johal, the company was merging with TELEFUNKEN.

14.    On December 5, 2011, Larry Rugh, Director of Human Resources and Administration for TELEFUNKEN offered Mr. Mason the position of Senior Director of Development, which Mr. Mason ultimately accepted.

15.    Mr. Mason and TELEFUNKEN subsequently executed an Employee Transfer Agreement and General Release, as well as an Amendment to Employment Agreement, which guaranteed that Mr. Mason's previous agreement would apply to his employment at TELEFUNKEN. Through the foregoing executed agreements, Mr. Mason's employment with Tejas Silicon Inc. ended December 31, 2011, and his new employment with TELEFUNKEN commenced January 1, 2012.

16.    Mr. Mason continued to be paid an annual salary of $198,750 by TELEFUNKEN.

17.    Mr. Mason was subsequently terminated without cause by TELEFUNKEN on May 17, 2012.

18. Mr. Mason has not received the severance payments provided in the agreement since his termination by Tejas Silicon Inc. on December 31, 2011, or by TELEFUNKEN on May 17, 2012, in spite of repeated requests and demands by Mr. Mason. Mr. Mason's severance includes salary continuation for two years, as well as immediate vesting of all stock options granted to him up to the time of his termination. The company has refused, and continues to refuse to provide the foregoing compensation to Mr. Mason in violation of the employment agreement and various California employment laws, as more fully set forth below.

## FIRST CAUSE OF ACTION

(Breach of Employment Contract)

As a first separate and distinct cause of action, MASON complains of defendants and for a cause of action states:

19. MASON incorporates by reference paragraphs 1-19, inclusive, of this Complaint as though fully set forth herein.

20. Defendants, and each of them, materially breached MASON's Agreement when they failed to pay him the salary and benefits continuation as provided for in the Agreement.

21. Defendants have refused and continue to refuse to allow MASON the benefits of his employment contract and to perform under said agreement in the agreed-upon manner.

WHEREFORE, MASON prays for judgment against defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Failure To Pay Wages Due And Owing)
[California Labor Code §200 Et Seq.]

As a second, separate, and distinct cause of action, MASON complains of defendants and for a cause of action states:

22. MASON incorporates by reference paragraphs 1-22, inclusive, of this Complaint as though fully set forth herein.

23. Defendants' failure to pay the full amount due on termination violates the provisions of California Labor Code §200 et seq. There is now due and owing to MASON wages and benefits pursuant to the Agreement. Defendants have failed and refused, and continue to fail and refuse to pay the amount due.

24. Defendants' actions constitute a violation of Labor Code §203.

25. Pursuant to California Labor Code §218.5, MASON requests that the Court award MASON's reasonable attorneys' fees and costs incurred by MASON in this action.

WHEREFORE, MASON prays for judgment against defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

As a fourth, separate, and distinct cause of action, MASON complains of defendants and for a cause of action states:

26. MASON incorporates by reference paragraphs 1-26, inclusive, of this Complaint as though fully set forth herein.

27. As a result of the employment relationship which existed between MASON and defendants, the express and implied promises made in connection therewith, and the acts, conduct and communications which resulted in said implied promises and under the laws of the State of California, Defendants covenanted and promised to act in good faith toward and deal fairly with MASON, which requires, inter alia, the following:

(A) Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

(B) Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

(C) Neither party would take any action to uneasily prevent the other from obtaining the benefits of the employment relationship; and

- 5 -
COMPLAINT FOR DAMAGES

      (D)    Defendant employer would comply with its own representations, rules, practices, policies and procedures in dealing with MASON.

28. Defendants breached the covenant of good faith and fair dealing and said breach was wrongful, in bad faith, and unfair, and therefore in violation of Defendants' legal duties.

29. MASON further alleges that Defendants breached the covenant of good faith and fair dealing when they:

      (A)    Unfairly prevented MASON from obtaining the benefits of the employment relationship;

      (B)    Deprived MASON from obtaining the benefits of the Agreement, including the continued salary and benefits as set forth in the Agreement.

30. Defendants' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to MASON. As a direct and proximate result of Defendants' unlawful conduct herein alleged, MASON has lost wages and other employee benefits in an amount that will be proven at trial.

WHEREFORE, MASON prays judgment against defendants as hereinafter set forth.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, jointly and severally, as follows:

1. Damages based upon MASON'S severance, lost earnings and other employment-related benefits, pain and suffering, emotional distress, and other consequential damages in an amount to be proved at trial;

2. Exemplary damages, in an amount to be proved at trial;

3. Attorneys fees pursuant to Labor Code §218.5;

4. Costs including expert witness fees and interest as permitted by statute or as otherwise awarded by the Court; and

5. For such other relief that the Court may deem just and proper.

Dated:  August 31, 2012          DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

By: _____,
       Mark C. Peters
Attorneys for Plaintiff
THOMAS MASON

## JURY DEMAND

Plaintiff requests this matter be tried before a jury.

Dated:  August 31, 2012          DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

By: _____,
       Mark C. Peters
Attorneys for Plaintiff
THOMAS MASON

- 7 -
COMPLAINT FOR DAMAGES

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TELEFUNKEN SEMICONDUCTORS AMERICA LLC, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THOMAS MASON

ENDORSED

2012 AUG 31 P 2: 47

[Signed] David Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By ___ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>191 North First Street, San Jose, California, 95113 | CASE NUMBER:<br>*(Número del Caso):* 1 1 2 C V 2 3 1 4 9 7 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark C. Peters, 100 Bush Street, Suite 1800, San Francisco, CA 94104; (415) 433-0333

| DATE:<br>*(Fecha)* AUG 31 2012 | DAVID H. YAMASAKI<br>Chief Executive Officer, **Clerk** | Clerk, by<br>*(Secretario)* _____ L. Parejas | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br>under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **1 1 2 C V 2 3 1 4 9 7**

| PLEASE READ THIS ENTIRE FORM |
|---|

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Honorable Peter Kirwan      Department: 8

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **JAN - 8 2013**    Time: 3:00 PM    in Department: 8

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____    Time: _____    in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
Coordinator
ADR Administrator
408-882-2530

Santa Clara County DRPA
408-792-2784

CV-5003 REV 2/2-11     ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION