*E-FILED: December 20, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MASON,<br><br>  Plaintiff,<br>  v.<br><br>TELEFUNKEN SEMICONDUCTORS<br>AMERICA LLC ET AL.,<br><br>  Defendants. | No. C12-05163 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>**(Dkt. 4)** |

In this employment case plaintiff Thomas Mason claims (1) breach of employment contract; (2) failure to pay wages due and owing (California Labor Code § 200, *et seq.*); and (3) breach of the implied covenant of good faith and fair dealing. Mason resides in New Hampshire and has done so during all times relevant to this suit. He was a Director of Product Development, and then a Senior Director of Product Development, at nonparty Tejas Silicon Inc. ("Tejas"). He worked at the New Hampshire office of Tejas for about 2.5 years. Among other things, his employment contract with Tejas said that if Mason was terminated without cause he would receive 12 months of continued salary and benefits; if his termination without cause was due to an acquisition, merger or buyout, he would receive continued salary and benefits for 24 months.

The parties characterize the transition differently, but all of the employees in the New Hampshire office of Tejas became employees of defendant Telefunken Semiconductors America LLC ("Telefunken"). Telefunken is a Delaware LLC, registered in New Hampshire as a foreign LLC. It does business and maintains an office in Dover, New Hampshire (formerly Tejas's office).

Mason worked for Telefunken in its New Hampshire office for a little less than half a year before he was terminated.

Mason brought this action in California Superior Court and Telefunken removed it on the basis of diversity jurisdiction. Now Telefunken moves to transfer the case to the District Court of the District of New Hampshire. Mason opposes the motion.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses," and "in the interest of justice," a District Court may transfer any civil action to any other district or division where it might have been brought. When deciding whether to transfer a case, courts consider:

(1) Plaintiff's choice of forum;
(2) Convenience of the parties;
(3) Convenience of the witnesses - the ability to mandate attendance of unwilling witnesses and the cost of obtaining willing witnesses;
(4) Where events took place, and the relative ease of access to the evidence;
(5) Familiarity of each forum with the applicable law;
(6) Any local interest in the controversy; and
(7) The relative court congestion and time of trial in each forum.

*See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842–43 (9th Cir. 1986).

As a threshold matter, the parties agree that this suit could have been brought in the District Court of the District of New Hampshire. Venue would be proper there and the court would have subject matter and personal jurisdiction.

The first consideration to determine "convenience" and the "interest of justice," is where plaintiff chose to file his suit. He chose California, and ordinarily, a plaintiff's choice of forum is accorded substantial weight. However, this rule is "substantially attenuated" where plaintiff has commenced the action in a forum that is *not* his residence. In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion. *See In re Apple, Inc.*, 602 F3d 909, 913, (8th Cir. 2010); *Fabus Co. v. Asiana Exp. Co.*, 2001 WL 253185, *4 (N.D. Cal. Mar. 5, 2001). Plaintiff is a resident of New Hampshire, and he lived and worked in New Hampshire at all times relevant to the litigation. So, Mason's choice of forum is given little weight.

As to "convenience," Mason, the New Hampshire resident, argues that California is more convenient. Telefunken, which has an office in New Hampshire but whose HR department is in California, argues that New Hampshire is more convenient. Telefunken says that, although its

United States District Court
For the Northern District of California

Human Resources department is located in Roseville, California, its Human Resource professionals travel to the New Hampshire Office to coordinate personnel matters at the New Hampshire Office. Because it maintains an office in Dover, New Hampshire and continues to conduct business from New Hampshire, it claims no inconvenience or hardship over litigating in New Hampshire.

As for "witnesses," Mason claims that his four important witnesses reside in California: the President and CEO of Telefunken, the director of HR, the person who terminated him, and the GC of Telefunken. Telefunken disputes the relative importance of some of these witnesses and denies they all actually live in California. It also argues that these witnesses easily would be able to travel to New Hampshire. According to Telefunken, the majority of witnesses are actually in New Hampshire – all of the employees that Mason worked with or oversaw, as well as third-parties with whom he interacted.

Telefunken claims that documentary evidence regarding Mason's employment relationship with Tejas and Telefunken is in the New Hampshire office or within Mason's custody and control in New Hampshire. The events giving rise to this litigation also appear to be centered in New Hampshire, where Mason worked and spoke with HR representatives about his employment.

Both parties agree that California law applies. This court is familiar with California law, but another federal court can certainly apply California law. Mason's claim that the cost of litigating this case in New Hampshire would be prohibitive because he would be "forced" to retain a California lawyer and a California trial team for their subject matter and state law expertise is unavailing.

New Hampshire would appear to have more local interest in the controversy than California -- this employment suit is brought by a New Hampshire employee over work he performed in New Hampshire for a company that does business in New Hampshire.

A comparison of the court congestion and time of trial in each forum also favors transfer. Telefunken points out that in 2011, there were 631 weighted case filings per judge in the Northern District of California, compared to 279 weighted case filings per judge in the District of New

Hampshire. (*See* Telefunken's Motion to Transfer, dated October 11, 2012 (Dkt. 4) at 10).[1] According to the Administrative Office of the U.S. Courts, there were 4 "judicial emergencies" in the Northern District of California, while there were none in the District of New Hampshire.[2]

Apart from these factors, Mason argues that his employment agreement with Telefunken contains a provision requiring parties to submit to the jurisdiction of any state or federal court in Santa Clara County, and to waive or agree not to assert that the action was brought in an inconvenient forum. Plaintiff states that he filed the suit in California because of this provision. A closer look at his complaint, however, shows that his breach of contract claim does *not* arise from the employment agreement he cites. Plaintiff was a party to four agreements:

(1) Letter Agreement, dated March 17, 2009, between Mason and Tejas ("Letter Agreement");

(2) A Telefunken "Offer Letter," dated December 20, 2011, between Mason and Telefunken;

(3) An "Amendment to Employment Agreement," dated December 20, 2011, between Mason, Telefunken, and Tejas; and

(4) A Telefunken "Employee Transfer Agreement and General Release," dated December 20, 2011 between Mason and Telefunken.

Mason's complaint alleges breach of the Letter Agreement, which includes a California choice-of-law provision, but does not include a provision about waiving a right to argue that courts in Santa Clara County are inconvenient. The Employee Transfer Agreement and General Release contains a waiver-of-inconvenient-forum provision, but this suit is not brought over that agreement. (*See* Complaint (Dkt. 1-1) at ¶¶ 8, 10, 15, 18, 20, 21 (alleging breach of the Letter Agreement); *see also* Letter Agreement (Mason Declaration (Dkt. 11), Ex. A (no forum provision)); *compare* Employee Transfer Agreement and General Release (Mason Declaration (Dkt. 11), Ex. B, ¶ 5 (forum provision))). Mason bases his argument on a provision of a contract that does not govern.

In summary, the balance of the factors favor transfer. Mason lives and worked in New Hampshire. The events giving rise to his employment, and its termination, occurred in New

---

[1] And, 8.8% of cases in the Northern District of California were over 3 years old, compared to 2.3% of cases in the District of New Hampshire. (*Id.*)

[2] "Judicial emergency" is defined as (1) "any vacancy where weighted filings are in excess of 600 per judgeship"; (2) "any vacancy in existence more than 18 months where weighted filings are between 430 to 600 per judgeship" or (3) "any court with more than one authorized judgeship and only one active judge." (*Id.*)

4

Hampshire. Mason managed the business and operations of Telefunken's New Hampshire office. The California connections of choice of law and the fact that Telefunken's HR department is in California do not overshadow these factors. The Court finds that the convenience of the parties and witnesses and the interests of justice will be served by a transfer of this case to the District Court of the District of New Hampshire.

For the above reasons, the Court GRANTS Defendant Telefunken Semiconductors America LLC's motion to transfer.[3]

**IT IS SO ORDERED.**

Dated: December 20, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Mason objects to two paragraphs in the supplemental declaration of Elizabeth Pipkin (Dkt. 15) on the basis that the statements in these paragraphs are not based on personal knowledge. The Court did not consider the supplemental declaration of Elizabeth Pipkin in resolving this matter.

**C12-05163 HRL Order will be electronically mailed to:**

Elizabeth Marie Pipkin: epipkin@mcmanislaw.com, sshakoori@mcmanislaw.com, svannorman@mcmanislaw.com

James McManis: jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com

Mark Christopher Peters: mark@dplolaw.com, mcpeters12166@yahoo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**